**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DOCUMENTED,                                           :
        1300 I Street NW, Suite 400E          :
        Washington, DC 20005                    :
                                                              :
                                       Plaintiff,       :
                                                              :
v.                                                           :        Civil Action No. _____
                                                              :
U.S. OFFICE OF MANAGEMENT        :
AND BUDGET,                                         :
        725 17th St., NW                            :
        Washington, DC 20503                    :
                                                              :
                                   Defendant.        :

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1.        Plaintiff Documented asserts a violation of the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, by Defendant Office of Management and Budget ("OMB") for failing

to respond to Documented's FOIA request within the statutorily prescribed period of time.

2.        Documented filed a FOIA request on June 5, 2021, seeking electronic

communications between Jessica Anderson, the former Associate Director for Intergovernmental

Affairs and Strategic Initiatives at OMB, and outside entities, as well as Ms. Anderson's

calendars, and attendance sheets for meetings with Ms. Anderson and any non-agency party

between February 1, 2017, and June 15, 2018. FOIA requires OMB to respond within 20

business days. OMB failed to even acknowledge Documented's request until March 30, 2022,

and has yet to provide a determination.

3.        OMB's conduct amounts to a denial of Documented's FOIA request. Documented

constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and now

seeks a declaration that OMB violated FOIA by failing to disclose responsive records by the

statutory deadline and an injunction ordering OMB to produce all non-exempt, responsive

records by a date certain, without further delay. Documented also seeks other appropriate relief,

including attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

5.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §

1391.

## PARTIES

6.      Plaintiff Documented is an investigative watchdog and reporting group that

explores the relationship between industry and government. The work of Documented

researchers is featured on Documented's website and has been cited in *The New York Times*, *The

Washington Post*, *The Intercept*, NPR, and other media outlets.

7.      Nick Surgey, the Executive Director of Documented, submits FOIA requests on

behalf of Documented. Documented relies on public records requests to conduct research and

write about current events and developing stories regarding public policy matters.

8.      Defendant OMB is an agency as defined by FOIA, 5 U.S.C. § 552(f)(1). The

requested records are in the possession and control of OMB.

## STATUTORY BACKGROUND

9.      Pursuant to FOIA, unless an agency demonstrates that records are exempt from

disclosure under one of the nine statutory exemptions in the Act, it must make records available

to a person upon proper request. 5 U.S.C. §§ 552(a)(3)(A), (b)(1)-(9).

2

10.     Within 20 working days of receiving a request, a federal agency shall determine whether to comply with the request. 5 U.S.C. § 552(a)(6)(A). The agency must also notify the requester of the reasons for the agency's determination, the requestor's options for assistance through the FOIA Public Liaison, and, in the event of an adverse determination, the right of appeal. *Id.*

11.     In "unusual circumstances," agencies may extend the deadline for issuing a determination up to 10 business days. 5 U.S.C. § 552(a)(6)(B)(i). An extension beyond 10 working days is permitted if the agency notifies the requester that the FOIA request cannot be processed before the extended deadline and gives the requester an "opportunity to limit the scope of the request . . . or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

12.     A requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . ." 5 U.S.C. § 552(a)(6)(C).

13.     This Court may assess attorney fees and other litigation costs against the United States if a FOIA requester substantially prevails in an action challenging the withholding of records by an agency. 5 U.S.C. § 552(a)(4)(E).

## FACTUAL ALLEGATIONS

14.     On June 5, 2021, Mr. Surgey submitted a FOIA request on behalf of Documented to OMB seeking "[a]ll emails, faxes, voice mails, text messages, and other forms of electronic communications sent from, or received by Jessica Anderson (former Associate Director for Intergovernmental Affairs and Strategic Initiatives at OMB) with any person outside of OMB" from February 1, 2017, through June 15, 2018. The request also sought Ms. Anderson's

calendars and schedules for the specified timeframe as well as "sign-in sheets or other records memorializing attendance at any meetings with Jessica Anderson during the above-listed time period at which a person outside of OMB was in attendance." Documented further stated that it was also seeking communications that had been deleted but that are recoverable, but specified that this portion of the request could be processed separately if it would postpone delivery of other responsive records.

15.     On March 30, 2022, in response to one of the many follow-up emails, OMB acknowledged receipt of this request and indicated that the request had been assigned tracking number 2021-318, but the agency did not provide a determination.

16.     In the eleven months since this request was submitted, Mr. Surgey and his counsel have sent multiple follow-up emails to OMB, but OMB has failed to provide an agency determination or even an estimated date of completion.

17.     By not providing records or a written determination within 20 business days, OMB has failed to comply with FOIA's requirements.

## CLAIM FOR RELIEF

### Claim One: OMB Is Unlawfully Withholding Agency Records

18.     Paragraphs 1-17 are incorporated herein by reference.

19.     OMB's failure to make a determination on Documented's FOIA request or disclose the requested records within the statutorily mandated timeframe is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the OMB regulations promulgated thereunder, 5 C.F.R. § 1303.1 *et seq*.

20.     Pursuant to FOIA, an agency must identify and produce material in response to a reasonably described FOIA request. 5 U.S.C. § 552(a)(6)(A)(i). OMB has provided no legal

basis for withholding material and is in violation of FOIA for failing to provide records in response to Documented's request.

## Claim Two: OMB Failed to Provide a Proper Determination

21.     Paragraphs 1-20 are incorporated herein by reference.

22.     OMB has failed in its duty to provide Documented with a proper determination pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(F).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1)     Declare that Defendant violated FOIA by failing to provide responsive records within the statutory timeframe and by failing to issue a final determination in response to Plaintiff's FOIA request;

2)     Enjoin Defendant from withholding responsive material and compel Defendant to provide records to Plaintiff without delay;

3)     Order that Defendant provide a determination in response to Plaintiff's request that includes reasons for withholding records as required under FOIA;

4)     Maintain jurisdiction over this action until Defendant is in compliance with FOIA and every order of this Court;

5)     Grant the Plaintiff's costs of litigation and reasonable attorney fees, pursuant to 5 U.S.C. § 552(a)(4)(E).

6)     Order such additional relief as the Court deems just and proper.


DATED May 19, 2022

Respectfully submitted,

By:      /s/ Allison Kole
Allison Kole
D.C. Bar # 1031724
Counsel
Essential Information, Inc.
1718 Connecticut Ave. NW
Washington, DC 20009
(202) 596-7540
akole@essential.org


*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DOCUMENTED, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. _____ |
| | : | |
| U.S. OFFICE OF MANAGEMENT | : | |
| AND BUDGET, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I certify that on May 19, 2022, a copy of the Complaint for Injunctive and Declaratory Relief was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and by certified mail.

Respectfully submitted,

By:     */s/ Allison Kole*
Allison Kole
D.C. Bar # 1031724
Counsel
Essential Information, Inc.
1718 Connecticut Ave. NW
Washington, DC 20009
(202) 596-7540
akole@essential.org

*Attorney for Plaintiff*